UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK ZULLO,
    Plaintiff

    v.                                C.A. No.:

NOVO NORDISK, INC.,
    Defendant

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment and retaliation that the Plaintiff suffered and continues to suffer in violation the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

### II. Parties

1.    The Plaintiff is a resident of the Town of South Kingstown, County of Washington, State of Rhode Island.

2.    Defendant Novo Nordisk, Inc. ("Novo") is a Delaware corporation that maintains its principal place of business located at 800 Scudders Mills Road, Plainsboro, New Jersey 08536. Defendant Novo transacts business in the State of Rhode Island.

### III. Jurisdiction

3.      This Court has jurisdiction over the Plaintiff's claims under the ADEA pursuant to 29 U.S.C. §626 and supplemental jurisdiction over the Plaintiff's claims under the FEPA and the RICRA pursuant to 28 U.S.C. §1367.

### IV. Venue

4.      Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

5.      On or about July 19, 2018 the Plaintiff timely filed a charge of discrimination against Defendant Novo with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 19 EAG 026-35/50, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2018-00353.

6.      On or about March 18, 2019, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7.      On or about March 19, 2019, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8.      On or about March 29, 2019, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

9.      There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

2

## VI. Material Facts

10.     The Plaintiff is fifty-four (54) years old.

11.     In or about February, 2014, the Plaintiff was hired by Defendant Novo as a Diabetes Care Specialist.

12.     During all relevant time periods, the Plaintiff's job performance was satisfactory and met all of Defendant Novo's legitimate expectations as evidenced by his positive performance evaluations and ratings that his performance was "meeting expectations" and "exceeding expectations."

13.     During the Plaintiff's employment, Defendant Novo and/or its agents and employees discriminated against the Plaintiff and the terms and conditions of his employment on account of his age.

14.     On or about January 2, 2018, Steve Soderlund became the Plaintiff's supervisor.

15.     Thereafter, Mr. Soderlund periodically joined the Plaintiff on sales calls.

16.     During sales calls, Mr. Soderlund made comments about the Plaintiff's age, including, but not limited to, comments that the Plaintiff moves "slowly" and that his style was "dated."

17.     Since February, 2018, on several occasions, Mr. Soderlund excluded the Plaintiff from team meetings.

18.     The Plaintiff is the only team member that Mr. Soderlund excluded from meetings.

19.     On several occasions, Mr. Soderlund stated to the Plaintiff, his co-workers, and, at least, one (1) of the Plaintiff's clients that he wanted to hire Rob Ellis from Johnson & Johnson.

20.     Mr. Soderlund stated that he wanted to hire Mr. Ellis because he is the "best" sales representative and is "energetic" and "youthful."

3

21.    On or about May 1, 2018, the Plaintiff met with a representative from Defendant Novo's Human Resources Department ("HR") and was notified that Defendant Novo opened an investigation into alleged compliance violations against the Plaintiff.

22.    The Plaintiff was informed that the investigation was the result of Mr. Soderlund reviewing the Plaintiff's performance prior to and after his assignment to the Plaintiff's team in February, 2018.

23.    During the meeting, the Plaintiff informed HR of Mr. Soderlund's discriminatory conduct.

24.    HR informed the Plaintiff that it would investigate his allegations against Mr. Soderlund.

25.    During the course of HR's purported investigation into Mr. Soderlund's discriminatory conduct, the Plaintiff provided HR with the names of witnesses to Mr. Soderlund's discriminatory conduct.

26.    On or about June 25, 2018, the Plaintiff was informed by Defendant Novo that the investigation into the alleged compliance violations against him was closed due to lack of sufficient evidence.

27.    Mr. Soderlund later informed the Plaintiff that despite the results of the investigation, he was not through with the Plaintiff.

28.    In July, 2018, there was a large meeting of several teams at Defendant Novo.

29.    During the meeting, Mr. Soderlund made a statement that business was down and specifically stated that a "man" on his team is the "problem."

30.    There are three (3) members on Mr. Soderlund's team: the Plaintiff, Isabel Daniels, and Ed Gotovich.  Mr. Gotovich was not present at the meeting.

4

31.    While Mr. Soderlund made the statement about the "man" on his "team," he stared directly at the Plaintiff – the only male employee from his team in attendance at the meeting.

32.    After the meeting, the Plaintiff's co-workers approached him regarding Mr. Soderlund's discriminatory conduct during the meeting.

33.    In July, 2018, HR informed the Plaintiff that it had concluded its investigation into his complaints of discrimination against Mr. Soderlund.  HR also informed the Plaintiff that it had contacted every witness that the Plaintiff provided.

34.    HR concluded that the Plaintiff's allegations were meritless and fabricated.

35.    Shortly thereafter, the Plaintiff learned that HR failed and/or refused to contact any employee on his witness list.

36.    Upon information and belief, Defendant Novo did not conduct an investigation into Mr. Soderlund's discriminatory conduct.

37.    As a result, Mr. Soderlund's discriminatory and/or harassing conduct continued.

38.    On July 13, 2018, despite the fact that HR had concluded its investigation into the Plaintiff, Mr. Soderlund informed the Plaintiff that the team was not performing as well as it used to and, specifically, alleged that the Plaintiff's performance was down.

39.    Mr. Soderlund also accused the Plaintiff of not keeping accurate time records and entering false sales calls.

40.    As part of HR's investigation, the Plaintiff's time records and allegations of entering false sales calls were reviewed and addressed.

41.    Upon Defendant Novo's closure of the investigation, the Plaintiff was informed that nothing further was required of him.

5

42.   Despite Defendant Novo investigating the claims brought by Mr. Soderlund and closing its investigation into same, Mr. Soderlund continues to bring false allegations against the Plaintiff.

43.   The Plaintiff maintains his time records in the same manner as Ms. Daniels, a similarly-situated female employee on the Plaintiff's team, and Mr. Gotovich, a similarly-situated younger employee on the Plaintiff's team.

44.   Upon information and belief, Ms. Daniels and Mr. Gotovich have not received a warning about their manner of record keeping.

45.   In the Plaintiff's sales territory, he sold two (2) medications – Victoza and Tresiba.

46.   In or about July, 2018, Mr. Soderlund informed the Plaintiff that if his performance did not increase, the Plaintiff would be required to undergo retraining and would be placed on a performance improvement plan.

47.   At the time, the Plaintiff was aware that his sales were in excess of at least one (1) of the other members on his team, Ms. Daniels.

48.   Upon information and belief, Ms. Daniels was not informed that she had to improve her record keeping and/or her performance.

49.   In or about 2018, Mr. Soderlund suggested that the Plaintiff separate from his employment at Defendant Novo.  During this conversation, Mr. Soderlund stated that he was "insulated," insinuating that he was immune from disciplinary action due to a personal connection with an Senior Vice President at Defendant Novo.

50.   In late 2018, the Plaintiff learned that Mr. Soderlund had contacted a former female employee several months prior.

51.    Upon information and belief, the purpose of this conversation was for Mr. Soderlund to inquire if the Plaintiff ever made sexual comments or advancements towards the former employee.

52.    Upon information and belief, there were no complaints relating to the Plaintiff's conduct towards this former employee.

53.    In late 2018, the Plaintiff performed additional work from home on a project where his team redistributed the physician with whom each individual worked.

54.    As a result, Mr. Soderlund verbally counseled the Plaintiff for working at home.

55.    The Plaintiff had previously worked from home without being subjected to disciplinary action.

56.    In 2019, Defendant Novo underwent a realignment.

57.    During that time, the Plaintiff was aware that the same position he held was available in a neighboring territory, Norwich territory.

58.    The Plaintiff expressed interest in this position and requested to be transferred to the Norwich territory.

59.    The Plaintiff met all of the qualifications for the position and the Plaintiff lived within the required mileage of the Norwich territory.

60.    Defendant Novo denied the Plaintiff's request to be transferred to the Norwich territory and did not provide a clear reason for denying same.

61.    In 2019, the Plaintiff was informed that he would not receive his annual salary increase.

62.    Prior to 2019, the Plaintiff has received an annual salary increase each year he was employed at Defendant Novo.

63.    On March 12, 2019, the Plaintiff met with Mr. Soderlund.

64.    During the March 12th meeting, the Plaintiff was presented with a Verbal Warning, which contained false and harassing allegations.

65.    That the Plaintiff was and continues to be subjected to discrimination in the terms and conditions of his employment on account of his age and/or retaliation for his complaints of same.

66.    The forced discriminatory terms and conditions of employment the Plaintiff has experienced and continue to experience are due to his age and/or are in retaliation for his complaints of same and have adversely affected the terms and conditions of his employment and deprived him of the right to work in a non-discriminatory work environment.

67.    Defendant Novo's purported reasons for the repeated disciplinary action against the Plaintiff are mere pretext for workplace discrimination.

68.    The Plaintiff has suffered economic damages, including, but not limited to, equitable damages, compensatory damages, including, but not limited to, emotional distress, loss of enjoyment of life, humiliation, damage to his business and personal reputation and other great harm, as a result of being discriminated against due to his age.

69.    That the facts of this matter clearly establish that Defendant Novo discriminated against the Plaintiff on account of his age in violation of the ADEA, the FEPA, and the RICRA.

70.    Defendant Novo's actions and/or omissions are in violation of the ADEA, the FEPA, and the RICRA, and were motivated by malice and ill will toward the Plaintiff, and Defendant Novo's actions were intentional, willful, malicious and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

71.    As a proximate result of Defendant Novo's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered mental and physical anguish, pain and suffering, and loss of enjoyment of life.

72.    As a proximate result of Defendant Novo's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff will suffer from a loss of income.

## VII.  Claims for Relief

73.    The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-72 above.

## Count One
### Unlawful Discrimination—29 U.S.C. §621, *et seq.*

74.    Defendant Novo, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in employment on account of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADEA.

## Count Two
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

75.    Defendant Novo, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in employment on account of his age in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### Count Three
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

76.    Defendant Novo, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in employment on account of his age insofar as said actions and/or omissions resulted in an investigation and ongoing harassment in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

### VIII.    Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1.    a declaratory judgment that Defendant Novo, in the manner described herein, unlawfully discriminated and/or retaliated against the Plaintiff in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

2.    enjoining and permanently restraining Defendant Novo from violating the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

3.    award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

4.    award the Plaintiff punitive damages;

5.    award the Plaintiff reasonable attorney's fees and costs of litigation; and,

6.      such other and further relief as the Court deems just and proper.

## IX.  Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X.  Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Nicole J. Policastro, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: April 3, 2019

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Nicole J. Policastro
Nicole J. Policastro (#9606)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com
npolicastro@formisanoandcompany.com

## CERTIFICATION

I hereby certify that on the 3rd day of April, 2019, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano